UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALEXA G.,

          Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

CASE NO. C24-5301-BAT

**ORDER REVERSING AND REMANDING**

Plaintiff appeals the ALJ's decision finding her not disabled.[1] Plaintiff contends the ALJ misevaluated the medical evidence, her testimony, and lay witness statements; incorrectly determined residual functional capacity (RFC); and made erroneous step-five findings. Dkt. 9. For the reasons below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the case under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings.

**BACKGROUND**

Plaintiff applied for supplemental security income benefits in February 2021, alleging disability since July 2018. Tr. 17. In August 2023, the ALJ issued a decision finding Plaintiff not disabled. Tr. 17-30. The ALJ found major depressive disorder, generalized anxiety disorder,

---

[1] The parties consented to proceed before the undersigned Magistrate Judge. Dkt. 2.

ORDER REVERSING AND REMANDING - 1

post-traumatic stress disorder, borderline personality disorder, a history of traumatic brain injury from a motor vehicle accident in 2005, alcohol use disorder, and adverse effect of cannabis are severe impairments; with these impairments, Plaintiff has the RFC to perform a full range of exertional work with the following non-exertional mental limitations: she could handle simple, routine tasks but not complex ones, in a low-stress work environment; and she could have no more than occasional decision-making and changes in the work setting, occasional interaction with supervisors or coworkers (but no team-based work), no fast-paced production work (such as quota-based or conveyor belt work), and no interaction with the public; Plaintiff cannot perform past relevant work but is not disabled because she can perform other work as a hand packager, router and addresser. Tr. 19-29.

## DISCUSSION

The Court may reverse the ALJ's decision only if it is not supported by substantial evidence or if the ALJ applied the wrong legal standard. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court may not reverse the ALJ's decision if an error is harmless. *Id.* at 1111. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up). When the evidence is susceptible to more than one rational interpretation, the Court must uphold the Commissioner's conclusion. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

A.  **Medical Evidence**

The ALJ must articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R.

§ 416.920c(a)-(c). An ALJ's consistency and supportability findings must be supported by substantial evidence. *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

    1. *John Holland, D.O, Ph.D.*

In 2022, treating doctor John Holland opined Plaintiff has PTSD, alcohol abuse in remission, panic disorder, PCOS, MDD recurrent, borderline personality disorder, history of traumatic brain injury and abnormal brain scan. Tr. 952. Dr. Holland noted positive clinical findings including poor memory; appetite, sleep, mood, perceptual, disturbance; personality change; emotional lability; decreased energy; manic and recurrent panic attacks; anhedonia and compulsions; fears, paranoia; difficulty concentrating and hostility; suicidal ideation. Tr. 953.

The doctor opined Plaintiff is markedly limited in handling stress, maintaining attention and concentration for extended periods, keeping a schedule, and working without supervision or in proximity to others. Tr. 952-59. He also assessed Plaintiff is moderately limited in memory, concentration, decision-making, and interacting with the public. *Id.*

The ALJ found the moderate limitations assessed were consistent with Dr. Holland's treatment notes. However, the ALJ rejected the doctor's opinion Plaintiff has marked limitations as inconsistent with the longitudinal record, not supported by the doctor's treatment records showing mild to moderate mental status findings and inconsistent with Plaintiff's conservative treatment history and lack of emergency room admissions. Tr. 27-28.

Plaintiff argues the ALJ erred by rejecting Dr. Holland's opinion without citing to specific evidence in support. Dkt. 9 at 6. Although the Court will not fault the ALJ merely for explaining their decision with less-than-ideal clarity, the ALJ is still required to set forth their reasoning in a way that allows for judicial meaningful review. *Treichler v. Commissioner of SSA*, 775 F.3d 1090, 1099 (9th Cir. 2014). If the ALJ's rationale is so lacking that the Court must

1    speculate as its basis, the Court must reverse rather than attempt to substitute its reasoning for

2    conclusions the ALJ never articulated. Here, the ALJ discounted Dr. Holland's opinions on the

3    grounds they were inconsistent with mild and moderate mental status findings in the record and

4    Plaintiff's conservative treatment. The ALJ's rationale is thus clear enough for review.

5          While the ALJ should provide citations to the record directly in support of their findings,

6    when reviewing the ALJ's decision for error, courts examine the ALJ's full decision to

7    determine whether the path of the ALJ's findings can be discerned, and whether the ALJ's

8    findings are legally valid and factually supported. *See e.g., Kaufmann v. Kijakazi*, 32 F.4th 843,

9    851 (9th Cir. 2022).

10         Here, Plaintiff is correct the ALJ rejected the marked limitations based upon conclusory

11   statements not supported by specific citation to the record or explanation. However, the ALJ's

12   path to their conclusion can be discerned in the ALJ's general discussion of Plaintiff's mental

13   functional limitations which included a review of medical evidence of record regarding these

14   limitations. Tr. 25-26. In this discussion, the ALJ noted Plaintiff reported panic attacks, intrusive

15   thoughts of homicidal and suicidal nature and Plaintiff had conservative treatment and was not

16   referred to inpatient or partial inpatient treatment. Tr. 25. The ALJ noted Plaintiff's mental status

17   reports showed she was oriented to place, person and time; at times her speech was pressured;

18   her mood fluctuated between depressed, anxious, manic, irritable, and euthymic; her affect

19   alternated between flat, congruent and appropriate; her thought process shifted from suspicious,

20   disorganized, tangential, appropriate and logical; her insight and judgment fluctuated between

21   marginal and good; her concentration fluctuated between impaired and intact; her memory was

22   fair; and her thought content while homicidal and suicidal at time was mainly appropriate. *Id.*

23

ORDER REVERSING AND REMANDING - 4

The ALJ's discussion does not support a finding that Plaintiff's medical record is inconsistent with Dr. Holland's opinion. Plaintiff is markedly limited in handling stress, maintaining attention and concentration for extended periods, keeping a schedule, and working without supervision or in proximity to others is inconsistent with the record. The ALJ's own discussion noted Plaintiff reported panic attacks, intrusive thoughts of homicidal and suicidal nature. These symptoms tend to support, not undercut Dr. Holland's opinions. The ALJ's review of the mental status examinations also reveal many abnormal findings and a marked instability in symptoms that at times were severe, and not consistently normal. The fact Plaintiff was not hospitalized or partially hospitalized is not grounds to discount the doctor's opinions. The Court finds it unreasonable to conclude that unless a claimant received inpatient or semi-impatient treatment, the claimant cannot be deemed to have severe or marked limitations.

The Court accordingly finds the ALJ erred in discounting Dr. Holland's opinion that Plaintiff has marked mental limitations.

      2.  *John Harolan, Ph.D.*

In 2015, Dr. Harolan performed a psychological evaluation on Plaintiff and opined Plaintiff had marked limitations in maintaining appropriate behavior, completing a normal workweek, and setting realistic goals. Tr. 1086-93. The ALJ acknowledged the opinion but stated as "it is more than five years prior to the application date, its persuasiveness was not assessed." Tr. 28. The ALJ erred. While medical opinions that predate the alleged onset of disability have limited relevance, *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir.2008), the "[t]he ALJ must consider all medical opinion evidence." *Tommasetti v. Astrue,* 533 F.3d 1035, 1041 (9th Cir.2008); *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir.1996) (ALJ errs completely ignoring medical evidence); 20 C.F.R. § 404.1527(c)

ORDER REVERSING AND REMANDING - 5

("Regardless of its source, we will evaluate **every** medical opinion we receive.") (emphasis added).

Thus, the ALJ must evaluate all relevant medical opinion evidence rather than simply state the evidence was <u>not</u> assessed based upon the date the evidence was generated. The date the evidence is not self-effecting as to its relevance or weight. Rather the ALJ must weigh the evidence and provide some rationale to reject it or find it has limited value.

For instance, the ALJ in *Ahearn v. Saul*, 988 F.3d 1111, 1118 (9th Cir. 2021) assessed an opinion that Dr. Bates gave years before the onset date, adopted Dr. Bates's finding that the claimant had borderline intellectual functional and mild depressive order but decided to give the opinion minimal weight as it was "remote in time." The Ninth Circuit concluded the "ALJ did not err in giving limited weight to Dr. Bates's assessment." *Id.* As is evident in *Ahearn,* the Court affirmed the ALJ's assessment of the opinion, not the ALJ's failure to perform any assessment. In contrast to *Ahearn,* the ALJ here erroneously failed to address or make any assessment of Dr. Harolan's opinion. The Commissioner attempts to repair this error by offering post hoc explanations as to why there may be a basis to discount Dr. Harolan's opinion, but the Court reviews the ALJ's rationale, not one offered by the Commissioner on appeal. The ALJ accordingly erred in failing to perform any assessment of Dr. Harolan's opinion.

    3.  *Myron Goldberg, Ph.D.*

Plaintiff contends the ALJ erred by not acknowledging or addressing Dr. Goldberg's 2017 opinion. On May 24, 2017, Dr. Goldberg examined and performed a neuropsychological examination to determine the "nature of her cognitive functioning symptoms and assist with care recommendations. Tr. Tr. 685. Dr. Goldberg indicated Plaintiff was in a high-speed motor vehicle accident and since the accident developed significant mental health and emotional

problems. *Id.* The doctor noted Plaintiff's language and speech was intact, but she expressed depressive symptoms, anxiety, panic and obsessive thoughts about harming others and herself. Testing showed Plaintiff was within the average range in some areas of functioning and in "low average or lower" in other areas. Tr. 690. The doctor noted Plaintiff's cognitive functioning was "generally encouraging," but that "potential complicating factors include significant emotional difficulties that date back to around the time of the accident but remain ever-present" and that her emotional functioning is prominent and "appear to be more troublesome . . . in terms of severity and potential effects on her daily functional status." Tr. 691. The doctor stated: "clearly further evaluation of her psychiatric status is warranted to better determine the nature of her ongoing emotional difficulties as well as treatment options." *Id.* The doctor opined Plaintiff's "current psychiatric difficulties are seen as a potential vocational barrier and until there is improvement in this area the chances of long-term success in a competitive employment setting are, in my opinion, uncertain. Tr. 691.

      The Commissioner concedes the ALJ failed to address Dr. Goldberg's opinions but argues the ALJ was not required to address Dr. Goldberg's opinions because whether Plaintiff is able to work is an issue reserved to the Commissioner and thus Dr. Goldberg's opinion is not valuable or persuasive. The Court rejects this argument. The Commissioner is wrong the opinion is not "valuable." Even excluding the doctor's opinion about Plaintiff's work ability, the doctor provided an opinion that addresses the nature and the severity of Plaintiff's mental health problems which should have been considered, not disregarded. As to the persuasiveness of Dr. Goldberg's opinions, that is a matter for the ALJ to resolve, not the Commissioner in an argument on appeal.

ORDER REVERSING AND REMANDING - 7

Additionally, Dr. Goldberg did not simply provide a conclusory opinion that Plaintiff cannot work. Rather the doctor opined Plaintiff's mental health conditions present vocational barriers and until her conditions improve, Plaintiff's chances of long-term success in a competitive employment are uncertain. Dr. Goldberg thus provided relevant evidence regarding the impact of Plaintiff's mental conditions on her ability to work and not merely a conclusory vocational statement about whether she can perform work that is devoid of any medical value.

The Court further notes the ALJ gave weight to the state agency assessments which provided opinions that are reserved to the Commissioner such as Plaintiff's RFC and whether she was disabled or not. The ALJ did not disregard these opinions without comment (as the Commissioner suggests the ALJ properly could have) and did not discount the opinions merely because they included assessments regarding RFC and disability. Rather, the ALJ weighed the evidence and adopted the opinions in part.

The Commissioner also argues the ALJ did not err because the ALJ is not even required to provide "any analysis about how we considered such evidence in our determination or decision." The ALJ is required to assess all relevant medical opinions. Dr. Goldberg's neuropsychological examination and opinion is a medical opinion, and clearly relevant to Plaintiff's mental functional abilities. *See* 20 C.F.R. § 416.920(3) ("We will consider all evidence in your case record when we make a determination or decision whether you are disabled."), and 20 C.F.R. § 416.920(c)(b) ("We will articulate in our determination or decision how persuasive we find all medical opinions" utilizing the section's requirements which include the opinion's supportability and consistency); *see also Danielle K. v. Comm'r of Soc. Sec.*, No. C22-5063-BAT, 2022 WL 4244865, at *1 (W.D. Wash. Sept. 15, 2022) ("Indeed the regulations require the ALJ to articulate the basis of a finding with sufficient particularity and explicitly

ORDER REVERSING AND REMANDING - 8

address whether medical opinions are supported and consistent with the record."). The Commissioner is thus legally wrong the ALJ was not required to assess the opinion and was not required to articulate how persuasive the opinion is.

The Court accordingly finds the ALJ erred in failing to acknowledge or address Dr. Goldberg's opinions and shall assess the opinion on remand.

### 4. Administrative Findings

In 2021 and 2022, Howard Atkins, Ph.D. and Michael Brown, Ph.D. opined Plaintiff could handle simple tasks with routine supervision and limited interaction with others. Tr. 80, 91-92. The ALJ found these opinions partially persuasive and added additional limitations, including no fast-paced production work or public interaction. Tr. 23, 27. Because the ALJ erred in discounting the opinions of Drs. Holland, and Harolan, and also failed to address the opinion of Dr. Goldberg, the ALJ shall on remand reassess the opinions given by Drs. Atkins and Brown on remand.

### B.      Testimony of Plaintiff and Lay Witnesses

The ALJ discounted Plaintiff's testimony as inconsistent with the medical evidence, her daily activities, and improvement with medication and treatment. Tr. 24-26. Absent evidence of malingering, an ALJ is required to provide clear and convincing reasons to discount a claimant's testimony. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014). This requires the ALJ to specify which parts of the testimony are not credible and explain what evidence contradicts it. *Laborin v. Berryhill*, 867 F.3d 1151, 1155 (9th Cir. 2017). However, the ALJ is not required to believe every claim, *Ahearn*, 988 F.3d at 1116, nor to analyze the claimant's testimony line by line. *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020). The relevant standard is not whether

1  the court is convinced, but whether the ALJ's reasoning is clear enough to persuade. *Smartt v.*
2  *Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

3        Plaintiff testified her intrusive thoughts, anxiety, fear, and anger outbursts severely
4  impaired her ability to focus and work. Tr. 50-52, 56. The ALJ discounted Plaintiff's testimony
5  finding she received conservative treatment in that she had no emergency room visits, inpatient
6  care, or structured living arrangements. Tr. 25. This is an unreasonable basis to discount
7  Plaintiff's testimony. First, the lack of inpatient care does not contradict the ALJ's finding
8  Plaintiff has significant mental health problems. Second, there is no indication from any treating
9  or examining doctor that Plaintiff's mental health symptoms are minor and therefore do not
10 cause serious problems. Hence the lack of inpatient treatment, alone, is not dispositive of the
11 severity of Plaintiff's symptoms. Third, Plaintiff has struggled with medication treatment. As Dr.
12 Goldberg indicated, Plaintiff has had adverse effects from medications (but needs them), and the
13 record which does not show Plaintiff has refused needed treatment or that more treatment (such
14 as inpatient care) would improve Plaintiff's mental health problems. Further as noted above, the
15 medical record regarding her mental status exams tends to support Plaintiff's claim of marked
16 limitations rather than undercut her claims.

17       As to Plaintiff's activities, the ALJ noted Plaintiff's daily activities include caring for her
18 14-year-old son, making meals, driving shopping, managing money and visiting Montana once.
19 These activities are not transferrable work activities and do not contract Plaintiff's testimony.
20 Plaintiff did not claim she was completely enfeebled. Rather she indicated she had limitations
21 involving difficulties with anxiety, fear, and anger outbursts, handling stress and ability to focus
22 and work. Plaintiff's activities do not contradict these limitations. Plaintiff testified her son was
23 14 and walked himself to school. While he was at school, Plaintiff said sleeps a lot to cope with

ORDER REVERSING AND REMANDING - 10

her fear and depression and that she could "barely drive." Tr. 52. Plaintiff also testified her mother helps with cooking, shopping, and reminding her about her medications. Tr. 55. Hence Plaintiff performs daily activities in a limited fashion and with the help of others. Her son is a teenager and it does not appear his care is either taxing or time consuming. Plaintiff visited Montana once, but this single occurrence does establish she possesses the general or a regular ability to travel and be away from her home. The limited manner in which Plaintiff conducts her daily activities is significant because as the vocational expert testified, if Plaintiff were off task just 15%, or missed work twice a month, gainful work activity would be precluded. Tr. 59. Substantial evidence thus does not support the ALJ's finding that Plaintiff's activities contradict her testimony.

The ALJ also discounted the testimony of Plaintiff's mother regarding Plaintiff's limitations with completing tasks, concentration, understanding, following instructions, and interacting with others as inconsistent with the "longitudinal record." Tr. 26. As noted above the ALJ erred in discounting medical opinions and Plaintiff's testimony on this basis and thus similarly erred in rejecting Plaintiff's mother's testimony.

## CONCLUSION

The Court finds the ALJ erroneously discounted the opinions of Drs. Holland, Harolan, and Goldberg and the testimony Plaintiff and her mother gave. This error is harmful because it resulted in an RFC determination and step-five finding that did not account for all limitations. Plaintiff asks the Court to remand the case for an award of benefits. A remand for benefits is appropriate only where further proceedings are unnecessary because the evidence is not susceptible to further evaluation and no reasonable fact finder would doubt the evidence shows a

1  claimant is disabled. Here, there is evidence that requires reassessment and thus further
2  proceedings are both necessary and appropriate.
3  The Court accordingly **ORDERS** the Commissioner's final decision is **REVERSED** and
4  the case is **REMANDED** for further proceedings under sentence four of 41 U.S.C. § 405(g). On
5  remand, the ALJ shall reassess the opinions of Drs. Holland, Harolan, Goldberg, Atkins and
6  Brown; reassess the testimony of Plaintiff and her mother; develop the record and redetermine
7  RFC as needed and proceed to the remaining steps as appropriate.
8  DATED this 20th day of September, 2024.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge